

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00227-CV

_____

J-W POWER COMPANY, Appellant

V.

WISE COUNTY APPRAISAL DISTRICT AND WISE COUNTY APPRAISAL
REVIEW BOARD, Appellees

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. TX13071

Before Birdwell, Walker, JJ.; and Gonzalez, J.[1]
Memorandum Opinion by Justice Birdwell

---

[1]The Honorable Ruben Gonzalez, Judge of the 432nd District Court of Tarrant County, sitting by assignment of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h).

# MEMORANDUM OPINION

Appellant J-W Power Company appeals the trial court's order denying its motion for partial summary judgment and granting Appellee Wise County Appraisal District's (WCAD) motion for summary judgment. Consistent with our recent decision in a substantially similar appeal, *J-W Power Co. v. Jack Cnty. Appraisal Dist.* (*The Jack County Case*), No. 02-22-00082-CV, 2023 WL 415517, at \*6 (Tex. App.—Fort Worth Jan. 26, 2023, no pet. h.) (mem. op.), we conclude that WCAD established the applicability of res judicata and affirm the trial court's judgment.

## I. Background

J-W Power owns compressors that it leases to customers for use in oil and gas production, and it maintains a fleet of its compressor inventory from its storage yard located in Palo Pinto County. The Tax Code provides a specific method for appraisal districts to value dealer's heavy equipment inventory (DHEI), and under that statutory scheme, compressors that J-W Power maintains at its Palo Pinto County yard should be taxed by that county's appraisal district, even if the compressors are physically located in a different county during the tax year. *See* Tex. Tax Code Ann. §§ 23.1241–.1242; *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 583 (Tex. 2018) (holding that Sections 23.1241 and 23.1242 fix the taxable situs of DHEI at the location where the dealer maintains its inventory). Nevertheless, for the 2013–2016 tax years, WCAD taxed the individual compressors owned by J-W Power that were physically located within WCAD's jurisdiction.

## A.  J-W Power's Protests Under Tax Code Section 41.41

For tax years 2013–2016, J-W Power filed protests with the Wise County Appraisal Review Board (ARB) arguing that under the DHEI tax statutes, the taxable situs of its leased compressors was not in Wise County and that WCAD should not have been taxing its DHEI. *See* Tex. Tax Code Ann. § 41.41 (giving property owner option to bring protest before an appraisal review board regarding, among other acts, the "inclusion of the owner's property on the appraisal records"). In each protest, the ARB determined that the appraisal records were correct and should not be changed. J-W Power did not appeal those determinations. *See id.* § 42.01 (giving property owner right to appeal an appraisal review board's protest determination).

## B.  J-W Power's Motion to Correct Under Tax Code Section 25.25

After the Texas Supreme Court upheld the constitutionality of DHEI taxation statutes, *EXLP Leasing*, 554 S.W.3d at 583, J-W Power moved to correct WCAD's appraisal rolls for the 2013–2016 tax years on the bases that its compressor inventory was subject to "multiple appraisals of a property in that tax year" and that WCAD improperly included its compressors because they did not "exist in the form or at the location described in the appraisal roll." *See* Tex. Tax Code Ann. § 25.25(c) (allowing an appraisal review board, on motion of a property owner, to order changes in its

3

appraisal roll for up to five previous years). The ARB ultimately denied J-W Power's Section 25.25 motion, finding that the appraisal records should not be changed.[2]

## C. J-W Power's Lawsuit Against WCAD

J-W Power filed this suit alleging that for the 2013–2016 tax years, J-W Power had self-reported its inventory in Palo Pinto County as DHEI and had made tax payments to that county's appraisal district. It further alleged that, for those same tax years, its DHEI had been improperly listed on WCAD's appraisal rolls as business personal property. *See id.* § 22.01. It pleaded that WCAD had willfully, intentionally, and arbitrarily assessed a tax on the property in those years in violation of Sections 23.1241 and 23.1242, and it asked for a refund for the relevant tax years and for attorney's fees. *See id.* § 42.43.[3]

---

[2]The ARB initially dismissed the scheduled hearing on the motion due to a procedural defect on J-W Power's part. J-W Power then filed this suit against the ARB asserting, in part, that it was entitled to a hearing on its Section 25.25 motion. The ARB subsequently heard the motion and denied relief. In its first amended petition, J-W Power alleged that it had been injured by the ARB's delay. However, any such allegations against the ARB have not been raised on appeal.

[3]J-W Power also sued (thus far unsuccessfully) other taxing authorities on similar claims. *See J-W Power Co. v. Irion Cnty. Appraisal Dist.*, No. 03-21-00005-CV, 2022 WL 2836812, at *5 (Tex. App.—Austin July 21, 2022, pet. filed) (mem. op.); *J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, No. 03-21-00069-CV, 2022 WL 2836807, at *5 (Tex. App.—Austin July 21, 2022, pet. filed) (mem. op.); *J-W Power Co. v. Duval Cnty. Appraisal Dist.*, No. 04-21-00172-CV, 2022 WL 789345, at *1 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) (mem. op.). Mandate has issued in the appeal against Duval County Appraisal District. J-W Power currently has an appeal pending in the San Antonio Court of Appeals in a suit against Frio County Appraisal District. *J-W Power Co. v. Frio Cnty. Appraisal Dist.*, No. 04-21-00564-CV (Tex. App.—San Antonio, filed Dec. 20, 2021).

J-W Power then filed a motion for partial summary judgment. It asserted that its summary judgment evidence established that it was in the business of leasing field compressors for use in oil and gas production; that although some of its compressors were physically located in Wise County on January 1 of each tax year, it maintained its inventory of compressors in Palo Pinto County; that its inventory was taxable only as DHEI in Palo Pinto County; and that it had tendered payments for each relevant tax year to Palo Pinto County's taxing authority.

WCAD also filed a motion for summary judgment. The motion asserted that Section 25.25 was not the appropriate vehicle to challenge taxable situs; that because J-W Power had not appealed the denial of its previous 2013–2016 protests under Section 41.41, it had failed to exhaust its judicial remedies; that J-W Power's Section 25.25 motion constituted an impermissible attempt to reopen the ARB's 2013–2016 orders in violation of res judicata; that J-W Power admitted that its compressors existed in the form and at the location described on WCAD's appraisal roll; and that J-W Power's DHEI Declarations provided in discovery proved as a matter of law that the property was not the subject of multiple appraisals.

Both sides filed objections to the other side's evidence, but the trial court did not rule on the objections. The trial court signed an order that granted WCAD's motion and denied J-W Power's motion without stating the grounds for its ruling, and it disposed of all claims against the ARB. J-W Power then filed this appeal.

## II. Discussion

In four issues, J-W Power argues that (1) WCAD could not appraise J-W Power's individual compressors that were physically located in Wise County in the same tax years that J-W Power maintained its inventory in Palo Pinto County; (2) it was entitled to relief because its DHEI did not exist in Wise County in the form or at the location noted in WCAD's appraisal rolls during the 2013–2016 tax years and was improperly subjected to double taxation; (3) J-W Power's motion to correct WCAD's appraisal rolls was not barred by res judicata or by J-W Power's failure to exhaust administrative remedies; and (4) WCAD possessed no power to devise its own DHEI filing standards and apply them on behalf of Palo Pinto County.[4]

We recently upheld, on substantially similar facts and issues, a trial court's summary judgment on the basis of res judicata. *See The Jack County Case*, 2023 WL 415517, at *6. In that case, J-W Power filed protests under the Tax Code for tax years 2013–2016 after an appraisal district—Jack County Appraisal District (JCAD)—taxed J-W Power's compressors that were physically located within JCAD's jurisdiction. *Id.* at *1; *see* Tex. Tax Code Ann. § 41.41. The Jack County Appraisal Review Board (Jack ARB) denied those protests and determined that the appraisal records were correct and should not be changed, and J-W Power did not appeal those determinations. *The Jack County Case*, 2023 WL 415517, at *2.

---

[4]J-W Power raised identical issues before this court in *The Jack County Case*, 2023 WL 415517, at *1.

6

Just as it did in the instant case, J-W Power subsequently—after the Texas Supreme Court's decision in *EXLP Leasing*, 554 S.W.3d at 583—moved to correct JCAD's appraisal rolls for the 2013–2016 tax years on the bases that its compressor inventory was subject to "multiple appraisals of a property in that tax year" and that JCAD improperly included its compressors because they did not "exist in the form or at the location described in the appraisal roll." *The Jack County Case*, 2023 WL 415517, at *2; *see* Tex. Tax Code Ann. § 25.25(c). When the Jack ARB denied relief, J-W Power sued JCAD. *The Jack County Case*, 2023 WL 415517, at *3. Both J-W Power and JCAD moved for summary judgment, and after the trial court granted JCAD's summary judgment motion and denied J-W Power's, J-W Power appealed. *Id.* On appeal before this court, J-W Power raised four issues identical to those it now raises in this appeal. *Id.* at *1.

In *The Jack County Case*, we began and ended our analysis with J-W Power's third issue in which it asserted that its Section 25.25 motion was not barred by res judicata. *Id.* at *4. We concluded (1) that J-W Power's Section 41.41 protests had addressed the same matter that J-W Power raised in its Section 25.25 motion and in its lawsuit, (2) that JCAD had established the applicability of res judicata, and (3) that J-W Power had not negated the applicability of that affirmative defense. *Id.* at *6. Accordingly, we overruled J-W Power's third issue, and because the issue of res judicata was dispositive, we affirmed the trial court's summary judgment in favor of JCAD without addressing J-W Power's remaining issues. *Id.*

7

There are no substantive differences between J-W Power's claims against JCAD and its claims against WCAD, nor are there substantive differences between *The Jack County Case* and this appeal.[5] Thus, as we did in *The Jack County Case*, we begin and end our analysis with J-W Power's third issue in which it asserts that its Section 25.25 motion is not barred by res judicata. As detailed above, this court has already overruled J-W Power's third issue. *See id.* (overruling J-W Power's third issue and upholding summary judgment on the basis of res judicata). Here, then, we conclude (1) that J-W Power's Section 41.41 protests addressed the same matter that J-W Power raised in its Section 25.25 motion and in its lawsuit, (2) that WCAD established the applicability of res judicata, and (3) that J-W Power has not negated the applicability of that affirmative defense. Accordingly, we hold that J-W Power's claims are barred by res judicata. We overrule J-W Power's third issue—again. *See id.*

Because we uphold the trial court's summary judgment on the basis of res judicata, we do not reach J-W Power's remaining three issues. *See* Tex. R. App. P. 47.1.

---

[5]In *The Jack County Case*, JCAD argued that J-W Power's Section 25.25 motion was barred by res judicata. *Id.* at *3. Here, WCAD similarly argues that J-W Power's Section 25.25 motion is barred by res judicata. And J-W Power's argument that res judicata does not apply to its Section 25.25 motion also mirrors *The Jack County Case*. *See id.* at *4.

## III. Conclusion

Having overruled J-W Power's dispositive third issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  March 2, 2023